JAMES LERLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lerlo v. Commissioner
Docket No. 9606-81.
United States Tax Court
T.C. Memo 1982-194; 1982 Tax Ct. Memo LEXIS 557; 43 T.C.M. (CCH) 1060; T.C.M. (RIA) 82194; April 13, 1982. *557 James Lerlo, pro se. Debre P. Katz, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on respondent's motion for summary judgment filed on January 25, 1982. The motion was heard at the Denver Trial Session on March 22, 1982. In his statutory notice of deficiency dated February 5, 1981, respondent determined the following deficiency in petitioner's Federal income tax and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)
Sec. 6654 [1]
1979
$ 5,769.87
$ 1,442.47
$ 288.49
$ 241.28
Petitioner filed a timely petition invoking the jurisdiction of this Court. The petition does not allege any facts pertaining to the adjustments set forth in the notice of deficiency and it does not raise any genuine issue of material fact relating to petitioner's Federal income tax liability for 1979. The facts contained in the petition are as follows: (a) Petitioner had no real income subject to Federal income tax. (b) The Internal Revenue Service *558 lacks jurisdiction over petitioner. (c) This court lacks jurisdiction over the petitioner. (d) There is no relief at law from equity jurisdiction of this court. All of the arguments raised by the petition and by subsequent motions are without merit. First, his request for a jury trial in the Tax Court was properly denied. . Second, his wages are subject to the Federal income tax. ; , and cases cited therein. Third, the Tax Court has jurisdiction of this case. See , affd. ; Burns, Stix. Fourth, this is clearly a situation in which summary judgment is appropriate. Accordingly, respondent is entitled to prevail as a matter of law and his motion for summary judgment will be granted. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩